UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ADAM ROYALL,<br><br>  Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>  Defendant. | Case No.:  3:25-cv-2455-RSH-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF Nos. 4, 9] |

Pending before the Court is a motion to dismiss filed by defendant The Sherwin-Williams Co. ("Sherwin-Williams" or "Defendant"). ECF No. 4. Plaintiff Gabriell Adam Royall ("Royall" or "Plaintiff") did not timely file an opposition. *See* Docket. As set forth below, the Court grants the motion.

**I.    BACKGROUND**

On August 21, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-3 at 13–18 ("Compl."). The Complaint asserts one claim, for "abuse of process/procedural interference," and alleges that Defendant undertook to "displace" a complaint that Plaintiff had filed "to another court or venue." *Id.* ¶ 4. Plaintiff alleges that this change of courts or venue "created procedural ambiguity and cognitive load, forcing Plaintiff to expend significant energy to research, reorganize, and

mentally re-process the dispute from a new and uncertain posture." *Id.* ¶ 6. Plaintiff further alleges that Defendants did this "not to resolve a dispute on the merits, but to burden, orient, and delay Plaintiff's pursuit of justice." *Id.* ¶ 19.

Plaintiff alleges that the foregoing has "disrupted daily life" and "imposed emotional stress." *Id.*¶ 8. Plaintiff seeks damages in the amount of $250,000. *Id.* ¶ 26.

On September 18, 2025, Defendant removed the action to this Court based on diversity of citizenship. ECF No. 1.

On September 24, 2025, Defendant filed a motion to dismiss. ECF No. 4. Plaintiff has not timely filed an opposition.

On September 29, 2025, the case was transferred to the undersigned. ECF No. 6.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III.  ANALYSIS

Defendant argues that this lawsuit should be dismissed because it fails to allege facts sufficient to state a claim. The Court agrees.

"The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (Ct. App. 2001). "To succeed in an action for abuse of process, a litigant must establish two elements: that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.* "A showing of malice, whether express or implied, is required." *Slaughter v. Legal Process & Courier Serv.*, 162 Cal. App. 3d 1236, 1247 (Ct. App. 1984)). "The gist of the tort is the misuse of the power of the court: It is an act done under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion of the judicial process to the accomplishment of an improper purpose." *Younger v. Solomon*, 38 Cal. App. 3d 289, 297 (Ct. App. 1974) (emphasis in original). Generally, such an action "lies only where the process is used to obtain an unjustifiable *collateral advantage*." *Id.* (emphasis in original).

Here, the Complaint does not specify the prior lawsuit which he alleges that Defendants wrongfully changed to another court or venue. However, the Court takes judicial notice that in the space of approximately two months, Plaintiff filed five lawsuits

against Defendant in California Superior Court—all apparently pertaining to the same dispute, and each of which Defendant removed to this Court on the basis of diversity of citizenship. All five cases bear the same case caption, with the following case numbers: 25-cv-1994, 25-cv-2232, 25-cv-2379, 25-cv-2455 (the instant action), and 25-cv-2577. To date, all four of the other lawsuits have been dismissed.

The Complaint here does not identify, and the Court does not find, anything improper about these removals. Plaintiff has not moved to remand any of these actions to state court. The removals are numerous and repetitive only by virtue of the fact that Plaintiff's lawsuits are numerous and repetitive. Reviewing the respective notices of removal, the Court determines that removal in each case was properly based on federal subject matter jurisdiction.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). The Court concludes that the deficiencies identified herein cannot be cured by amendment. The Complaint in this case is based on the incorrect premise that it was wrongful to invoke the jurisdiction of the federal courts through one or more removals that were proper and that Plaintiff never challenged by motion. The Court also takes into account its dismissals of Plaintiff's related cases. As set forth in the Court's respective dismissal orders, each of these lawsuits has been meritless.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 4] is **GRANTED**. The Complaint is **DISMISSED** without leave to amend.

The Clerk of Court is directed to close the case.

//

//

//

//

1 | In light of this disposition, Plaintiff's motion for leave to electronically file
2 | documents [ECF No. 9] is **DENIED** as moot.
3 |     **IT IS SO ORDERED**.
4 | Dated: November 3, 2025

                                           Hon. Robert S. Huie
                                           United States District Judge